Estate of Harold B. Senior, Deceased, Eleanor S. Senior, Administratrix d.b.n. v. Commissioner.
Estate of Harold B. Senior v. Commissioner
Docket No. 31443.
United States Tax Court
1953 Tax Ct. Memo LEXIS 379; 12 T.C.M. (CCH) 90; T.C.M. (RIA) 53037; February 9, 1953
*379 Lorin W. Willis, Esq., and Leonard McMahon, Esq., for the petitioner. Joseph Landis, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income tax of H. B. Senior for the calendar year 1946 in the amount of $8,167.44. The issues as presented for decision are whether Senior was entitled to deduct as compensation of employees the value of shares of stock which he distributed in 1946 and what was the fair market value of those shares. Findings of Fact Harold B. Senior died on December 5, 1948. His income tax return for 1946 was filed with the collector of internal revenue for the District of Connecticut. Senior was engaged, as a sole proprietor, for a number of years up to July 1, 1946, in the business of selling building materials. He operated one business under the name of H. B. Senior Lumber Company and another under the name of Senior Sand & Gravel Company. Senior incorporated The H. B. Senior Lumber Company, Inc. and The Senior Sand & Gravel Company, Inc. prior to June 1, 1946, and on July 1, 1946 transferred to the former the assets of the business formerly conducted by him under the name *380 of H. B. Senior Lumber Company, except accounts receivable and accounts on hand, and received therefor 1,000 shares, being all of the stock of the corporation. He transferred to The Senior Sand & Gravel Company, Inc., on July 1, 1946, the assets of the business formerly conducted by him under the name of Senior Sand & Gravel Company, except the accounts receivable and cash on hand, and received therefor 325 shares, being all of the outstanding stock of that corporation. Thereafter, the businesses were carried on by the corporations. The decedent, on December 24, 1946, transferred 119 shares of stock of The H. B. Senior Lumber Company, Inc. to 15 former employees of H. B. Senior Lumber Company and transferred 53 shares of stock of The Senior Sand & Gravel Company, Inc. to 5 former employees of Senior Sand & Gravel Company. Those persons were employed at that time by the corporations and the purpose of the transfers was to pay them additional compensation for past services rendered to Senior as a sole proprietor and to give them incentives for future services to the corporations. Certificates for the shares were transferred on the books of the corporations to the employees on July 1, 1946, but *381 Senior retained those certificates in his possession until December 24, 1946. All of the stock of the two corporations was subject to the restriction that it could not be alienated for a period of five years after its original issue except by a majority vote of all outstanding stock. Thereafter, it could be alienated only after a written option had been given to the corporation and to all other stockholders, to acquire under the same terms and conditions as offered by any proposed purchaser. Senior, in his return for 1946, claimed a deduction of $17,200 for the stock bonuses to employees of his sole proprietorship. The Commissioner, in determining the deficiency, disallowed that deduction in its entirety. Senior, by means of stock transferred to former employees of his sole proprietorships, paid them additional compensation for past services to the extent of $10,000. All facts stipulated by the parties are incorporated herein by this reference. Opinion MURDOCK, Judge: The Commissioner does not contend that any additional compensation to the employees by way of bonuses would render their total compensation unreasonable in amount for the year 1946. He argues that there was *382 no obligation on the part of Senior to pay his employees any additional amounts when the businesses were taken over by the corporations on July 1, 1946 and he can not take a deduction from his own income for stock which he transferred to them thereafter. It appears, however, that Senior intended, prior to the termination of the business of his sole proprietorships, to reward his employees, who had worked for him for long periods of time, for the past services rendered and he was also desirous of eliminating friction among them and in giving them an incentive to render their best efforts on behalf of the new corporations. He transferred the shares to them during the year, and to the extent that the shares represented compensation for past services, he was entitled to a deduction. The petitioner does not claim any deduction based upon compensation for services to be rendered the corporations. The evidence indicates that the stock was partly for the one purpose which gives rise to a deduction and partly for the other purpose which does not. There is also the question of the value of the stock. It would be error to allow no deduction and it would also be error to allow the entire amount *383 claimed. Therefore, the Court, following the principle of , has made an allocation of what it concludes was the value of the stock. There is little evidence on which to base an allocation, but the Court has taken into consideration the facts that one of these persons had been employed in the business for 31 years, 7 had been employed for more than 20 years, and all had been employed for at least 9 years, in determining how much should be allocated to past services. Decision will be entered under Rule 50.